UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL L. BENDER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:06-CV-1136-SNL |
| MARVIN TEER, et al., | ) ) ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Daniel L. Bender for leave to commence this action without payment of the required filing fee. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The complaint

Plaintiff seeks monetary relief in this action against defendants Marvin Teer (judge), Mariano V. Favazza (circuit clerk), Cathy Ruggeri-Rea, and Unknown Flowers (police officer). Plaintiff states that the grounds for filing this action in Federal Court are, as follows: "Constitutional Rights/18 U.S.C. § 241 (2000). The Court will liberally construe this action as having been brought pursuant to 42 U.S.C. § 1983.

Plaintiff alleges that "[t]he Circuit Clerk refused to give [him] the forms necessary to prepare [his] case for trial." The forms plaintiff requested included "subpoena(s)" and a "motion to proceed without prepayment of costs and affidavit." Plaintiff's claim against defendant Mariano V. Favazza survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, defendant Mariano V. Favazza shall reply to this claim.

The complaint is legally frivolous as to defendants Cathy Ruggeri-Rea and Unknown Flowers, because plaintiff has failed to assert any allegations against them. See Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff's claim that defendant Marvin Teer "does injury to our system of government" in that he failed to comply with Rule 2.03, Canon 3(B)(4) of the Missouri Supreme Court Rules

2

(stating that a judge shall be patient, dignified, and courteous to litigants), does not rise to the level of a constitutional violation and will be dismissed as legally frivolous.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that, as to defendant Mariano V. Favazza, the Clerk shall issue process or cause process to be issued upon the complaint.

**IT IS FURTHER ORDERED** that, as to defendants Marvin Teer, Cathy Ruggeri-Rea, and Unknown Flowers, the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 10th day of August, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE